UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-416-GWU

ISHAM E. LAWSON, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

        Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.     Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

07-416  Isham E. Lawson

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

07-416  Isham E. Lawson

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

07-416  Isham E. Lawson

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Isham E. Lawson, was found by an Administrative Law Judge (ALJ) to have a "severe" combination of impairments consisting of hypertension, diabetes mellitus, mild osteoarthritis, anxiety, and borderline intellectual functioning. (Tr. 13). Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mr. Lawson retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 17-21). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether the plaintiff, a 53-year-old man with unskilled work experience, could perform any jobs if he were limited to "medium" level exertion and also had the following non-exertional restrictions. (Tr. 262, 281). He: (1) could not climb ladders, ropes, or scaffolds or squat; (2) could not have exposure to hazards, fumes, smoke, or noxious gases; (3)

07-416 Isham E. Lawson

could perform no job involving reading; and (4) would be severely limited in carrying out detailed instructions, but would have a limited but satisfactory ability to deal with supervisors, function independently, and understand, remember, and carry out simple instructions. (Id.). The VE responded that there were jobs that such a person could perform, including hand packer, kitchen helper, food preparation worker, and grocery store bagger. (Tr. 281-2).

On appeal, this court must determine whether the hypothetical factors selected by the ALJ are supported by substantial evidence, and that they fairly depict the plaintiff's condition.

Mr. Lawson initially alleged disability due to right leg and hip problems, diabetes, high blood pressure, and strokes. (Tr. 93). The medical evidence confirms that the plaintiff had high blood pressure (e.g., Tr. 202), but there is no evidence of strokes. Mr. Lawson was seen for complaints of right hip pain after falling off his porch in March, 2006, but an x-ray of the right hip at that time showed only mild osteoarthritis with no dislocation or fracture. (Tr. 131-7). Office notes from Mr. Lawson's treating family physician, Dr. Bernard C. Moses, show that he continued to complain of back pain in August of 2006, which was so severe that it prevented him from working, and the physician prescribed narcotic pain medication and a muscle relaxer. (Tr. 139). Dr. Moses provides a few objective findings in his office notes, including a September, 2006 note saying that he had pain in both of

his hips on range of motion testing. (Tr. 194). A series of x-rays in December, 2006 showed minimal degenerative changes, a small spur in the right hip and minimal hypertrophic changes of the lower lumbar spine, but a displacement of a segment of the coccyx which the radiologist felt might have resulted from an "old" injury. (Tr. 234-5). There was no definite fracture or other acute bone abnormality. (Id.).

Dr. Mark Burns had conducted a consultative physical examination of Mr. Lawson on September 27, 2006. The plaintiff reported that he had good relief of his hypertension with medication, although he stated that his blood sugar was averaging more than 350. (Tr. 150). However, he refused to take insulin. Dr. Burns stated that his physical examination was within normal limits, and a pulmonary function test conducted due to the plaintiff's allegation of shortness of breath showed an FEV1 value 102 percent of predicted. (Tr. 151-2). Dr. Burns did not indicate that the plaintiff would have any limitations. A state agency reviewer, Dr. David Swan, reviewed the evidence on December 12, 2006 and limited Mr. Lawson to medium level exertion, consistent with the hypothetical question. (Tr. 208-15).

Subsequently, the plaintiff's attorney submitted the aforementioned December, 2006 x-rays, additional office notes from Dr. Moses, and an assessment from Dr. Moses stating that he had treated the plaintiff for diabetes, hypertension, and degenerative disc disease for five years, and he was currently unable to

9

07-416 Isham E. Lawson

maintain gainful employment due to degenerative disc disease and diabetes mellitus. (Tr. 254). In addition, Dr. Moses prepared a functional capacity assessment limiting Mr. Lawson to lifting ten pounds occasionally and five pounds frequently, performing less than full-time standing, walking, and sitting, having an inability to perform any postural activities, noting limits on reaching, pushing, and pulling, and listing restrictions on heights, moving machinery, temperature extremes, humidity, and vibration. (Tr. 255-6).

      The ALJ properly rejected Dr. Moses's opinion that Mr. Lawson was unable to maintain gainful employment as representing a conclusion outside his area of expertise. (Tr. 19). He did not specifically address the lifting, standing, walking, sitting, and postural restrictions listed by Dr. Moses, but generally commented that disability was not consistent with the treating physician's notes, the claimant's statements as to his daily activities, the plaintiff's response to medical treatment, and the fact that clinical and diagnostic examinations were relatively unremarkable. (Id.).

      The parties dispute the issue of whether Dr. Moses's restrictions were given proper deference. The plaintiff correctly notes that, as a treating source, Dr. Moses should have been entitled to greater weight than Dr. Burns, who examined the plaintiff only one time. However, the opinion of even a treating source is not entitled to complete deference unless it is supported by sufficient objective evidence. <u>Harris</u>

07-416 Isham E. Lawson

v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). In the present case, Dr. Moses was the only physician to give an opinion with access to the December, 2006 x-ray reports, and it is not self-evident to a lay reviewer that a displaced segment in the coccyx could not cause significant pain which would reduce the plaintiff's ability to sit, stand, and walk, as stated by Dr. Moses. In addition, the issue of the plaintiff's diabetes was given little examination. The most recent office notes from Dr. Moses show that his diabetes was said to be under poor control, with elevated blood sugar readings of up to 310 being recorded (Tr. 246-8) and an indication in April, 2007 that the plaintiff had been hospitalized for his blood sugar (Tr. 249). Dr. Moses did prescribe insulin as well as oral medication. (Tr. 246). Therefore, without additional medical examination and/or review, there is not sufficient evidence in the record to completely reject the opinion of the treating physician.

The plaintiff also argues that the ALJ committed error in rejecting the opinion of a one-time psychological examiner, Reba Moore, who diagnosed mild mental retardation, a depressive disorder, and third grade reading and arithmetic skills. (Tr. 157-62). Regarding the diagnosis of mild mental retardation, the defendant correctly notes that no deficits in adaptive functioning prior to age 22 were shown. The hypothetical question also assumed that the plaintiff was illiterate, and that he was essentially limited to simple job instructions. (Tr. 281). However, it should be noted that state agency physicians who reviewed the evidence after Reba Moore's

07-416 Isham E. Lawson

report was submitted indicated the presence of functional limitations in certain areas such as performing acts within a schedule, maintaining regular attendance, being punctual, interacting appropriately with the general public, and responding appropriately to changes in the work setting, which were not included in the hypothetical. (Tr. 178-80, 204-6).[1] While the ALJ noted the opinions of the state agency sources (Tr. 15), he did not provide any rationale for the different restrictions in the hypothetical question. 20 C.F.R. § 404.1527(f)(2)(ii) provides that "[u]nless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a state agency . . . consultant or other program physician or psychologist . . . ." This was not done.

The decision will be remanded for further consideration.

This the 27th day of August, 2008.

**Signed By:**

*G. Wix Unthank* 

**United States Senior Judge**

---

[1]The Commissioner asserts that none of the jobs identified by the VE involve significant interaction with the general public, but the Dictionary of Occupational Titles at 913.463-010 states that the occupation of bus driver, as expected, does require significant interaction with people.